Breest v. NH Parole Bd.                    CV-97-586-SD   04/23/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

Robert Breest

    v.                                    Civil No. 97-586-SD

Members of the
 New Hampshire Parole Board

O R D E R

    This litigation arises from a petition for habeas corpus filed by a state prisoner.  Document 1.  The respondent moves to dismiss for lack of subject matter jurisdiction.  Document 10.

    Petitioner Robert Breest is a familiar litigant in the courtrooms of this federal district.  Since his murder conviction in 1973, he has here filed at least ten petitions for habeas corpus.

    The instant petition was filed in November 1997, which makes it subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  That statute "closes the doors of the district court to a prisoner who wishes to file a second or successive petition unless and until he obtains advance clearance from the appropriate court of appeals.  See 28 U.S.C. § 2244(b)(3)." Rodriguez v. Superintendent, Bay State Correctional Center, Misc. No. 97-8068, slip op. at 4 (1st Cir. Mar. 23, 1998).[1]

---

[1]28 U.S.C. § 2244(b)(3) codifies portions of AEDPA.  It requires approval of the court of appeals before a second or successive habeas corpus petition may be filed in a district court and sets forth the grounds on which and the procedures to be followed by the court of appeals in granting or withholding such approval.

Procedurally, therefore, the court, "faced with an unapproved second or successive habeas petition, must either dismiss it . . . or transfer it to the appropriate court of appeals . . . ." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997) (citations omitted). In the interests of justice and judicial economy and efficiency, the court follows the latter path.

The motion to dismiss is accordingly denied, and the clerk is directed to transfer the case to the United States Court of Appeals for the First Circuit. 28 U.S.C. § 1631.[2]

SO ORDERED.

Shane Devine, Senior Judge
United States District Court

April 23, 1998
cc:     Robert Breest, pro se
        Kelly A. Ayotte, Esq.

---

[2]28 U.S.C. § 1631 provides, in pertinent part,

   Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as it if had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.